Government, and move along. We'll wait just a minute for the courtroom to clear. All right. Our fourth case for this morning is Kimberly Aker v. Collection Associates. And we'll hear from Mr. Blythin. Good morning, Your Honor. My name is John Blythin. I represent the plaintiffs. We try to call them consumers through this argument. May it please the court. This case is about Wisconsin debt collectors adding common law prejudgment interests to medical debts long before that there is a determination in court that the interest is actually owed on those debts. But I take it on this record with the stipulations, there's no dispute that these are liquidated debts. And there's actually no dispute as to the amount of the debt. So we don't have before us a case in which somebody says, you owe me $300, and then, oh, it actually turns out maybe the insurance company has already paid $150 of that. We have amounts of the principal of these debts. Our position is that it doesn't matter. But could you answer that question? No one is disputing that we have the accurate liquidated principal amount. That's correct. The parties all stipulated to that in the summary judgment briefing. All right. So if you've passed third grade arithmetic, you should also be able to figure out what 5% interest on $100 is at the end of the year, 5% per annum interest. Perhaps you can, but all these letters were sent out long before there was any stipulation to the amount owed. The common law specifically says over and over and over again that the prejudgment interest is an element of a damages award. Well, but does it? First of all, Wisconsin does seem to recognize that prejudgment interest merely puts the creditor in the position that the creditor would have been in had the debt been timely paid. It's just the time value of money. So it's not clear to me that it's understood as anything punitive. I understand that maybe the day they got the letter, but if we know that this is Wisconsin law permits this only for liquidated debts, right? If this is some fuzzy thing that nobody knows what the amount is, we're not even talking about this. It's still a fuzzy thing, Your Honor, especially with medical debts. In general, as you said before, at the time the letters are sent, the time that they're calculating the amount and adding interest to it, the debt collectors are not in a position to know whether it's liquidated or not. I think that's why most of the decisions... Why did you say that? I mean, it's a dollar amount. The same medical provider charges different amounts whether you're But it's not like a tort claim where somebody's suing because they were in a car accident and they hurt their back. That's not a liquidated debt. Certain contract claims where consequential damages are possible, not a liquidated debt. I'm charging you $135 for an MRI, although they're not that cheap, but you know, has a dollar, whatever, $1,000, has a dollar amount. Aurora could charge me $135 and someone else $150. Correct, but they're not trying to collect somebody else's debt from you. They're just trying to collect yours. Let me ask you a different question, which is why the safe harbor doesn't apply here for the state law claim. I'm also going to ask you the question, why does state law govern prejudgment interest for the federal Fair Debt Collection Practice Act? Which one did you want me to answer first? The safe harbor. It's a question of law. There's certainly no deference owed to the state Department of Financial Institutions for not responding to a letter that was drafted specifically to get the results that they wanted. I don't know if it's a question of deference. The state statute says if there's no I mean, wouldn't that preclude any judicial review ever in that situation? To me, you could have a lawsuit saying this is the wrong interpretation of the statute. Going forward, you can't collect it this way, but they're trying to create legal certainty for past behavior. Is that wrong? Who would have standing to do that other than the debtors or consumers are in a bad situation there because the federal court may not have the ability to hear that because they couldn't enter a judgment in favor of those people, and the state court might not have competency to handle that for the same reason. Well, the prejudgment interest, presumably if the court were to rule the other way, would stop running as of the date of the judgment. I can imagine circumstances like that. Nothing in the argument says that they can't charge prejudgment interest after they're awarded it. That's what the statute and the common law are supposed to do. They're supposed to establish. You haven't really answered Chief Judge Wood's question. Why doesn't the safe harbor apply according to its terms? What you're making is an argument that there shouldn't be a safe harbor or that the state should have written a different statute, but why doesn't it apply according to what's actually on the books? First, under any... If the administrator does not approve or disapprove of the submitted act, practice, or procedure within 60 days, it, quote, shall not be deemed a violation of chapters this and that, notwithstanding that the approval or non-disapproval may be subsequently amended or rescinded, etc. That seems to say that under the statute, if you send a request to us and we don't do anything with it, we throw it in the wastebasket, we do anything. If you don't hear from us, it's not a violation. The problem is that whether the interest is permitted or not in the circumstance is a question of law. But so what? Under this statute, what difference does it make what label you apply about law or facts? The state statute seems to say you send a letter to the administrator, and if the administrator is silent, then you're entitled to proceed as you propose. Could you actually address the language of the statute and show how, if you can, how that supports your position? I think that that position is just completely at odds with all the decisions saying that sometimes legislatures pass statutes for the purpose of upsetting decisions. Right? I really would appreciate it. This is your only opportunity to address the actual language of the statute and explain how your position is consistent with it. I just read it to you. It shall not be deemed to be a violation of chapters 421 to 427 and 429. So that's pretty clear. And these people tried to take advantage of it. They sent a letter. I don't see why they have some obligation when they send a letter to brief the letter to the nth degree. So I'm not really that worried about the fact that there might have been a failure to cite the Veatch case, for example. It doesn't matter. The administrator is in charge of this area. Yeah, I mean, the administrator their decision or non-decision is totally at odds with all the other cases. And this isn't a legislative decision. This is an administrative decision. Well, it's a legislative structure. You're just not talking about the statute. I mean, you may think that the administrator erred by not responding within 60 days. I'm sure you know there are a whole lot of federal statutes like this. If you propose certain transactions to the Federal Reserve and it doesn't respond within 90 days, you can proceed. Statute books, both state and federal, have things like this in them. Sure, but when the decision is so at odds with the governing law, how can it So you want us to read an unless clause into it? It said there's a safe harbor unless the administrator should have objected. That's not what the statute says. I don't think that there's a basis to rely on the administrator doing nothing in this situation when the case law establishes very clearly that the prejudgment interest is a damages award. Maybe in this case... If that's your position, I'm going to maybe suggest that you save a little rebuttal time. We understand what you're saying. Thanks. Mr. Hannes? Good morning. May it please the Court. My name is David Hannes. I represent the defendant appellants Merit Collect, Inc. and Collection Associates Limited. I'll be extremely brief this morning with my presentation because I think the legal issue before the Court is actually very straightforward. Under 15 U.S.C. section 1692 F1, we know that the practice of collecting 5% interest is not a violation of the FDCPA. Can you answer my other question? We have two theories in this case. One of them arises under the Wisconsin Consumer Act. One of them arises under federal legislation, the Fair Debt Collection Practices Act. Certainly state law governs the question whether 5% interest can be collected on liquidated debts for purposes of the Wisconsin statute. Is this a federal issue or a state issue on the federal side of the ledger? I believe wholeheartedly, Your Honor, that the legal issue in this case turns on state law. So the federal law you think borrows state law for this purpose? Our cases have actually not been consistent on this, which is why I'm asking. I think looking specifically at 15 U.S.C. section 1692 F1, it's clear that the question has to be resolved by reference to, in this case, state law. The statute says it's not a violation provided that the practice is permitted by law. To answer the question, we have to look to state law to determine whether the practice of collecting 5% interest is permitted. So permitted by law, in your view, means permitted by state law? In this instance, yes, Your Honor. Has anybody looked at this? This specific question? I mean, there may not be any meaningful difference. This court has said, for example, that prejudgment interest in any event is part of full compensation under a wide variety of statutes. So I'm not sure that there would be any conflict anyway, but it could matter occasionally. I do think, Your Honor, at least as applied to the facts of this case, in addressing specifically the question of whether there is a violation of the FDCPA here, that question is determined by reference to some of your communications. I guess we don't really have before us a question about your communications to the debtors. They're set out here. The initial communication very clearly shows how much is principal and how much is interest, but then the later communications seem to just add on the interest. I'm looking, for example, at the which starts out as a principal of $1,004, balance $1,004, and then 73 cents, even though it says interest is zero. I don't know where the 73 cents popped in. But then the next time something comes out, the balance is just simply stated to be $1,046.16. So the debtor apparently is supposed to infer that it popped up from $1,004 or $1,004.73, whichever number you want to use, up to the next one. The same thing is true with these other communications. Some of them seem to indicate interest and some of them just add it on. Correct. Some of the communications treat it differently, but generally alert the debtor that future interest of 5% per year may be added to the account. And as I think was covered with Mr. Blythen earlier, in this particular case, there's absolutely no dispute that these are liquidated amounts. There's no dispute as to the amount of the debts in each calculation to determine what amount is attributed to interest. But you'd also have to save all of your old communications with AmeriCollect because it's just sort of a number on these things. You wouldn't be able to work backward to the original principal amount if you didn't save all the old letters. That's just a fact. It's not there on the letter. We've suggested that you should say if you pay today it's whatever, $1,008, but interest could be added and so you need to check to get the actual payoff. Correct. You're referring to the Safe Harbor language that's been proposed by this court. Yes, that's true. Speaking of safe harbors, let me ask you this question about the Wisconsin Safe Harbor law. There could be seen to be some tension between the part of the law that says if the administrator doesn't approve or disapprove, the practice shall not be deemed to be a violation and then turning right around and saying notwithstanding that we can later subsequently amend or rescind or have a judicial or other authority to be invalid, that the scope of that last clause is unclear. We may have before us yet another ambiguous  statute before us so far today. I was, Your Honor, and frankly I don't find this particular statute to be ambiguous. I find it to be entirely unambiguous, not surprisingly. My clients invoked it and I believe that it was intended by the legislature to enable parties in my client's position in an effort to comply with a very complicated statutory and regulatory scheme, that is the Wisconsin Consumer Act, to avail themselves of the option before engaging in a practice to submit that proposed practice to the Secretary of the Department of Financial Institutions for review and consideration as to whether the proposed practice complies with the Wisconsin Consumer Act. I believe the legislative purpose or intent behind that statute is clear. It's a complicated statutory scheme. Questions like this will arise from time to time. It is, I think, more efficient and a better practice to have statutory safe harbor provisions like this that enable parties who are in a quandary in terms of compliance to gain an understanding from the administrative agency as to whether that proposed practice is permissible. The safe harbor gives that party the ability to proceed as proposed without risking consequences of that practice later being deemed a violation. I think it's a wise legislative provision. If the Secretary of the Department of Financial Institutions deems that the proposed practice is or would be a violation, they can certainly notify the regulated party of that conclusion. Presumably, the regulated party would comply. I don't find any ambiguity in this statute. I think it was properly invoked in this case. I think that the 60 days having run without any response from the DFI does dispose of the legal issue before this court as to whether there was a violation. Can I ask you this? This is sort of a random question. I assumed in an earlier question that the prejudgment interest doesn't get assessed until the date when the debt was due is passed. Is there any Wisconsin law that indicates the starting date for prejudgment interest? That's an excellent question, Your Honor. My reading of the case law is this, that the interest would begin to accrue once a demand for payment has been made or if a lawsuit is filed, certainly at that point, but it's triggered by the demand for payment. Thank you very much, then. I think you have a little bit of time, Mr. Blython. Thank you, Judge Wood. I will address the statute first. I find it ambiguous. The term notwithstanding can either mean despite or however. You can read it your way or you can read it as saying you have a safe harbor unless a court determines that this conduct was not appropriate or it was contrary to law. I think the only way to read it fairly is to allow judicial review of this type of condition. The review statute that he was talking about as well only allows a trade group or a potential defendant to petition the administrator. I would have done this long ago if we were in the group of parties to contact the administrator, but that doesn't allow us to do it. Where is that? I'm just staring at the statute. It's in the regulations. The statute says upon the request of any person, the administrator shall review, etc. That's pretty clear to me. It's not limited to trade groups. Regulations can't contradict statutes. That's pretty straightforward unless the regulation was promulgated by the Supreme Court under the Rules Enabling Act. This is the problem with their position. The interest accrues when a demand is made and the claim is liquidated. Maybe it's the date the bill was sent. Maybe it's the date the stipulation was filed in the court proceeding. Maybe they're not entitled to it at all for one reason or another because the creditor was wrong on the amount that might turn up in discovery. This whole thing isn't even really about interest. It's a tactic to collect debts by adding 5% to these debts before there's any determination of whether the debt is liquidated or not, even if it is down the road. I have trouble with that proposition because these all send bills out. The bills don't get paid. They all enter into agreements with a collection agency. They have provided services for which they've not been compensated. In these agreements between the providers and the collection agency, they say to the extent the law lets you do it, please get prejudgment interest too. None of that strikes me as not reflecting an interest in getting paid for the service. The situation with Rivera shows that that's not even what's going on. In his case, the creditor, the medical provider, did eventually sue him. I know they forwent the interest, so maybe people will do that sometimes. I'm not sure that means that they're not trying to collect a debt. Anyway, we'll see. Thank you very much. Thanks to both counsel. We will take the case under advisement.